IN THE UNITED STATES DISRTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRAIG MAGIS, | ) |
| Plaintiff, | ) |
| v. | ) Case Number: |
| THE CITY OF CHICAGO | ) |
| Defendant. | ) |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful employment practices based on religion and provide appropriate relief to the Charging Party Craig Magis. As alleged with greater particularity below, Defendant violated Title VII when it discriminated against Magis by refusing to accommodate his sincerely held religious belief in a timely manner and causing plaintiff damages.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) (Title VII), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Illinois Religious Freedom Restoration (Act 775 ILCS 35/), and the Federal Religious

Freedom Act of 1993 H.R. 1308 and the first amendment rights of Craig Magis including freedom of speech, freedom of religion, freedom, of association, right to assemble, and his freedom of conscience.

2. The employment practices alleged to be unlawful were committed within the state of Illinois and within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3. Plaintiff, Craig Magis (Mr. Magis) is a resident of Chicago Illinois.

4. At all relevant times, Defendant the City of Chicago has continuously been doing business in the State of Illinois and the City of Chicago and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

6. At all relevant times, Defendant has been a covered entity under Title VII.

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Mr. Magis filed a charge with the EEOC alleging violations of Title VII by Defendant.

8. On October 17, 2023, the Commission issued to Defendant a Letter of Determination and a right to sue letter. The Right to Sue was received on October 20th, 2023. **See Exhibit A**.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. Since at least December 2021, Defendant has engaged in unlawful employment practices in violation of sections 701(j) and 703(a) of Title VII, 42 U.S.C. §§ 2000e(j) and 2000e-2(a) and Illinois Religious Freedom Restoration (Act 775 ILCS 35/), and the Federal Religious Freedom Act of 1993 H.R. 1308 and the first amendment rights of Craig Magis including freedom of speech, freedom of religion, freedom, of association, right to assemble, and his freedom of conscience.

11. Plaintiff has worked for Defendant as a Firefighter for over 20 years.

12. Mr. Magis is a Christian – Roman Catholic who maintains sincerely held religious beliefs that human life is sacred; human life is a gift from God; and abortion is gravely wrong and contrary to the commandments and teachings of the Christian Bible. See Religious exemption letter for a more detailed explanation of beliefs.

13. In August 2021, Defendant implemented a COVID-19 vaccination policy that required employees to be vaccinated. The original arbitrary and discriminatory policy is no longer in place.

14. As a result, and extension of his sincerely held religious beliefs described above, Mr. Magis is unable, in good conscience, to receive certain vaccines, including but not limited to the two COVID-19 vaccines, that were developed or tested using cell lines derived from aborted fetuses.

15. Upon receiving the notifications directing him to receive the COVID-19 vaccination, Mr. Magis was directed to file a religious accommodation request asking for a vaccine exemption.

16. Mr. Magis first submitted a religious exemption request in response to Respondent's COVID-19 Vaccination Policy on December 23, 2021 (attached hereto), setting forth his sincerely held religious beliefs objecting to the COVID-19 vaccine.

17. Specifically, Mr. Magis declined certain medical interventions that are developed or produced using abortion-derived cell lines, consistent with the Church's teachings concerning therapeutic proportionality and importance of obeying the judgement of his or her own informed and certain conscience.

18. Although Plaintiff's submission was legally sufficient, the City of Chicago required Mr. Magis and other City employees to sign a Medical Attestation Form to secure a religious exemption, or otherwise face exemption denial. **See Exhibit B.**

19. Upon information and belief this sort of Medical Attestation Form had not been used in the past when employees requested a religious exemption and was only implemented during the Covid Pandemic to discriminate against employees with sincerely religious beliefs.

20. Mr. Magis reached out to Defendant regarding his request for religious exemption only to receive the generic form email on January 11, 2022, requesting information either not required by law (such as the Medical Attestation Form and Section III of the request form) or already provided.

21. Mr. Magis complied with such a response, seeking to protect his job and his legal rights.

22. Mr. Magis submitted the signed Forms on January 28, 2022.

23. The City's response violated its legal duty imposed under Title VII to communicate openly with the employee in pursuit of reaching an accommodation agreement. The only communication Mr. Magis received from the Defendant for the entirety of the accommodation process was form letters.

24. Mr. Magis' request was later granted, but only after retaining legal counsel and being put on No Pay status. More specifically, a City Department of Human Resources representative told him on March 14, 2022 that he was being placed into a No Pay status.

25. Mr. Magis was then sent home from work for non-compliance with the City of Chicago's COVID-19 vaccine mandate. At that point, Mr. Magis' religious exemption request had been pending for six weeks. He then retained legal counsel, to submit an additional appeal and request for reinstatement.

26. Mr. Magis was let go notwithstanding the fact he had, under duress and coercion signed all documents and had complied with all documents. This was direct retaliation for speaking out against the vaccine as a religious objector.

27. On March 31, 2022, Mr. Magis received written notification of his religious exemption request.

28. Albeit no new substantive information had been submitted to the City by Mr. Magis now three months after the exemption application was submitted the city and only after hiring an attorney the Defendant re-considered their decision.

29. To treat Mr. Magis with such blatant illegality and obvious disrespect, causing his severe anguish regarding imminent job loss along with legal counsel expenses, is unconscionable.

30. In direct violation of Plaintiff's First amendment Rights the city retaliated against him.

31. Defendant did not engage individually and personally with Mr. Magis regarding his request, as legally required.

32. Notably, Defendant's COVID-19 Vaccination Policy does not require City employees to certify use or nonuse of other medications in connection with a religious exemption.

33. Yet the City nevertheless required completion of this Form, providing such attestation and affirmation.

34. The City's practice of threatening to deny exemptions for those applicants who did not submit the signed Attestation Form thus, clearly indicated that the City intended to use non-submission of this form as a pretextual justification to unlawfully deny religious accommodations.

35. Furthermore, the Medical Attestation Form was riddled with inaccurate and flatly erroneous information about the listed medications and their connections to fetal cells.

36. As a result of this Form and its implications, Mr. Magis is precluded from adhering to basic medical procedures by taking aspirin for chest pain, Benadryl for an allergic reaction, aspirin Tylenol acetaminophen or ibuprofen for muscle pain or inflammation.

37. Defendant's additionally request that Plaintiff fill out a follow up medical form indicating that he could not take certain medications as a condition of defendant granting the religious exemption was coercion and religious discrimination on part of the defendant.

38. The IDHR held administrative hearings commencing on November 17, 2022.

39. Throughout the process Plaintiff inquired if there was any particular information, he was missing that needed to be submitted and he received no response. The process was not interactive, Plaintiff was left with more questions than answers. The Process was not uniform for all.

40. Other co-workers who did not share Plaintiff's protected class were granted religious exemptions.

41. Other co-workers in the past have been granted religious exemptions without the conditions and hurdles that Plaintiff was forced to undergo.

42. The city never requested any additional information or explained what information was missing.

43. Defendant never contact Plaintiff about his request or asked for any additional information while his request was pending, nor did Defendant ever provide any case law or legal opinion even from their general counsel stating a signature was requirement from a priest and the medical form requirement.

44. Defendant failed to provide Plaintiff with an explanation as to why his religious accommodation requests were denied, or why only those with a signature from a third party were considered sincerely held religious beliefs.

45. Mr. Magis did not get the COVID-19 vaccine because to do so would violate his sincerely held religious beliefs.

46. Defendant has used the lack of signature and or Medical attestation form as a pretext to discriminate against Mr. Magis and Defendant has put Plaintiff through severe emotional distress and attorney fees all due to Defendant's reckless disregard and discrimination.

47. Defendant engaged in unlawful employment practices in violation of sections 701(j) and 703(a) of Title VII, 42 U.S.C. §§ 2000e(j) and 2000e-2(a). Specifically, Defendant failed or refused to provide Mr. Magis with a reasonable accommodation of his sincerely held religious beliefs for several months, making him go through severe stress and emotional distress.

48. Mr. Magis is a Christian, a catholic who believes the use of vaccines developed and/or tested using cell lines derived from aborted fetuses violates the commandments and teachings of his religion.

49. Defendant's requirement that Mr. Magis receive the COVID-19 vaccination conflicted with Mr. Magis sincerely held religious beliefs.

50. Defendant knew that Mr. Magis' religious beliefs conflicted with its requirement that he receive the COVID-19 vaccine.

51. Defendant took adverse employment action against Mr. Magis because he failed to comply with its requirement that he receive the vaccine. Defendant forced Plaintiff to fill out a so called Follow up form which restricted his rights and changed the terms and conditions of his employment due to his religious beliefs.

52. The effect of the practices complained of has been to deprive Magis of equal employment opportunities and otherwise adversely affect his status as an employee because of his religious beliefs.

53. The unlawful employment practices complained of in the paragraphs above were and are intentional.

54. The unlawful employment practices complained of in the paragraphs above were done with malice or with reckless indifference to the federally protected rights of Mr. Magis.

55. Therefore, Plaintiff seeks for this court to uphold his constitutional rights and brings this action pursuant to his right to sue letter. SEE EXHIBIT A.

56. The City of Chicago and the Chicago Fire Department violated the human and civil rights of Craig Magis when they violated the Illinois Religious Freedom Restoration (Act 775 ILCS 35/).

57. The City of Chicago and the Chicago Fire Department violated the human and civil rights of Craig Magis in violation of the Federal Religious Freedom Act of 1993 H.R. 1308.

58. The City of Chicago and the Chicago Fire Department violated the first amendment rights of Craig Magis including freedom of speech, freedom of religion, freedom, of association, right to assemble, and his freedom of conscience.

59. The City of Chicago and the Chicago Fire Department violated the constitutional due process rights of Craig Magis in denying his religious exemption from the vaccine mandates.

60. The City of Chicago and the Chicago Fire Department violated the procedural due process rights of Craig Magis in instituting the vaccine mandate and denying him the religious exemption from the vaccine. Craif Magis is a civil service employee of the Chicago Fire Department and is a union member with a contract with the City of Chicago.

61. The City of Chicago and the Chicago Fire Department perpetrated a fraud on Craig Magis and others in instituting the religious mandate and in the way the religious exemption was administered. There are numerous individuals in leadership positions in the City of Chicago and the Chicago Fire Department that were part of this fraud.

62. These individuals at the City of Chicago and the Chicago Fire Department acted in unconstitutional and illegal conspiracy to deny Craig Magis his rights.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from discriminating against persons on the basis of their religion, including by failing to accommodate such persons' sincerely held religious beliefs.
B. Order Defendant to promulgate and carry out policies, practices, and programs which provide equal employment opportunities to persons protected by Title VII and that eradicate the effects of its past and present unlawful employment practices, including discrimination and retaliation.

C. Order Defendant to make whole Mr. Magis by providing him appropriate affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the expenses he incurred pursuing his claim and hiring an attorney for the city to finally grant his exemption.
D. Order Defendant to make Mr. Magis whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above in amounts to be determined at trial.
E. Order Defendant to make Mr. Magis whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial.
F. Order Defendant to pay Mr. Magis punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.
G. Grant such further relief as the court deems necessary and proper in the public interest.
H. Award Plaintiff Attorney fees.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by its complaint.

DATED: January 17, 2024,                    Respectfully Submitted,


                                            By          /s/ Frank Avila


Frank Avila
7132 N. Harlem Suite 107
Chicago, Illinois 60631
FrankAvilaLaw@GMail.com
773-671-3480